By the Court,

Nelson, C. J.
The cargo in question being within the memorandum which exempts the insurers unless the loss is total, that is, unless specifically and physically destroyed or lost, the only question here is, whether under the circumstances, the corn is to be regarded as falling within the rule. See 14 Johns. R. 145, and cases there cited. I am of opinion it is. It is true, after the abandonment and sale of the chance of recovering something from the wreck, the purchasers in two or three instances, by extraordinary efforts and risk, saved a few barrels. But all agree that the risk and expense exceeded the value of the property recovered ; and several of the purchasers even preferred losing what they had paid, rather than encounter the hazards. The witnesses also concur in the fact, that the wreck and loss were complete, and nothing would have tempted the purchasers undertaking to recover any portion of the corn, but the chance of acquiring it for a trifling sum—the hope of extraordinary gain.
That a comparatively small amount of the article should have been saved in specie by such means, and under such motives, I think should not be regarded as proof that the loss was but partial. It was in fact total, as much so as if the cargo had gone to the botom of the sea: upon every reasonable calculation, the amount saved was by mere accident and chance.
Judgment for plaintiff.